Hon. Franklin D. Burgess

02-CR-06065-STMT

FILED / RECEIVED / LODGED
JUL 1 1 2003
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL AARON WILSON,<br><br>    Defendant. | NO. CR02-6065FDB<br><br>PLEA AGREEMENT |

The United States of America, by and through John McKay, United States Attorney for the Western District of Washington, and Katheryn Kim Frierson, Assistant United States Attorney for said District, and the defendant, Michael Aaron Wilson, and his attorneys, Linda Sullivan and Jerome Kuh, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(a)(2):

    1.    <u>The Charge</u>. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to production of visual depictions of minors engaged in sexually explicit conduct, as charged in Count 1 of the Superseding Indictment, in violation of Title 18, United States Code, Section 2251(a). By entering the plea of guilty, Defendant hereby waives any and all objections to the form of the charging document.

    2.    <u>Elements of the Offense</u>. The elements of the offense of production of

visual depictions of minors engaged in sexually explicit conduct, in violation of Title 18, United States Code, Section 2251(a) are as follows:

First, that Defendant did knowingly employ, use, persuade, induce, entice or coerce a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct; and

Second, that the visual depictions were actually transported in interstate or foreign commerce.

3. <u>The Penalties</u>. Defendant understands that the statutory penalties for the offense of production of visual depictions of minors engaged in sexually explicit conduct, in violation of Title 18, United States Code, Section 2251(a), is a term of imprisonment of not less than ten (10) years and up to twenty (20) years, a fine of up to two hundred and fifty thousand dollars ($250,000), a period of supervision following release from prison of up to five (5) years, and a one hundred dollar ($100.00) penalty assessment.

If the Defendant has one prior conviction under the laws of any State "relating to the sexual exploitation of children," the statutory penalties for the production of depictions of minors engaged in sexually explicit conduct, in violation of Title 18, United States Code, Section 2251(a), is a term of imprisonment of not less than fifteen (15) years and up to thirty (30) years, a fine of up to two hundred and fifty thousand dollars ($250,000), a period of supervision following release from prison of up to five (5) years, and a one hundred dollar ($100.00) penalty assessment.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs or restitution, is due and payable immediately, and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements.

Defendant further understands that if supervised release is imposed and he violates one or more of its conditions, he could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

4. <u>Rights Waived by Pleading Guilty</u>. Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty, and to persist in a plea of not guilty;

    b. The right to a speedy and public trial before a jury of Defendant's peers;

    c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

    d. The right to be presumed innocent until guilt has been established at trial, beyond a reasonable doubt;

    e. The right to confront and cross-examine witnesses against Defendant;

    f. The right to compel or subpoena witnesses to appear on Defendant's behalf;

    g. The right to testify or to remain silent at trial, which such silence could not be used against Defendant; and

    h. The right to appeal a finding of guilt or any pretrial rulings.

5. <u>Applicability of Sentencing Guidelines</u>. Defendant understands and acknowledges the following:

    a. The United States Sentencing Guidelines, promulgated by the United States Sentencing Commission, are applicable to this case;

    b. The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing;

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

c. The Court may impose any sentence authorized by law, including a sentence that, under some circumstances, departs from any applicable Sentencing Guidelines range up to the maximum term authorized by law;

d. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties, or by the United States Probation Department; and

e. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6. <u>Ultimate Sentence</u>. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

7. <u>Factual Basis</u>. The parties agree on the following facts in support of Defendant's guilty plea and for purposes of calculating the base offense level of the Sentencing Guidelines. Defendant admits he is guilty of the charged offense.

Between on or about January 2002 and June 2002, Defendant did knowingly engage in sexually explicit conduct with a minor male, John Doe, age 17, and produced photographs of such conduct. The photographs depicted the minor male participating in acts of sexual sadistic or masochistic abuse, including visual depictions of the nude, minor male being beaten with an electrical instrument, visual depictions of the nude, minor male with visible marks upon his buttocks of having been beaten, visual depictions of the nude, minor male tied down and restrained on a surgical table, and visual depictions of the minor male restrained on a surgical table and wrapped head-to-foot in plastic wrapping with his genitals exposed. The defendant posted this depiction and made them available to the public through the Internet on Defendant's website.

8. <u>Sentencing Issues</u>. Defendant is aware that the Government will seek at the time of sentencing a sentencing enhancement pursuant to 18 U.S.C. § 2251(a)(d) based on Defendant's prior record regarding child pornography from Brazoria County

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

Court, Texas, Cause Number 56283M. Defendant disagrees that the prior record qualifies for the sentencing enhancement. The parties agree that the issue will be resolved by the Court at the time of sentencing.

9. <u>Non-Prosecution of Additional Offenses</u>. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees to move to dismiss Counts 2 through 4 of the Superseding Indictment at the time of sentencing and not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, or that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes that the United States has agreed not to prosecute all of the criminal charges that the evidence establishes were committed by defendant solely because of the promises made by Defendant in this Agreement. Defendant acknowledges and agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all relevant conduct committed by Defendant.

Defendant agrees and acknowledges that the charges to be dismissed at the time of sentencing is based on fact and does not provide the Defendant with a basis for any future claims as a "prevailing party" under the "Hyde Amendment," Pub.L.No. 105-119 (1997).

10. <u>Post-Plea Conduct</u>. Defendant understands that the terms of this Plea Agreement apply only to conduct that occurred prior to the execution of this Agreement. If, after the date of this Agreement, Defendant should engage in conduct that would warrant an increase in Defendant's adjusted offense level or justify an upward departure under the Sentencing Guidelines (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court), the United States is free under this Agreement to seek a

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

sentencing enhancement or upward departure based on that conduct.

11. **Forfeiture.** Pursuant to Title 18, United States Code, Section 2253(a), Defendant agrees to forfeit to the United States immediately all of his right, title and interest in any and all property, real or personal, that was used, or was intended to be used, to commit or to promote the commission of the charged offense, and any visual depiction as described in Title 18, United States Code, Sections 2251 and 2252, which was produced, transported, mailed, shipped or received in violation of Chapter 110, United States Code including one full custom-built tower CPU without a serial number, containing three hard drives with the following respective serial numbers: WMA8C1183690, WMA8E1331380, and WMA9F1006941.

Defendant agrees to fully assist the United States in the forfeiture of the above listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effectuate such forfeiture; assisting in bringing any assets located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any of the listed property in any civil forfeiture proceeding, administrative or judicial, which may be initiated.

12. **Right to Appeal.** Pursuant to Federal Rules of Criminal Procedure 11(a)(2), the parties herein agree that Defendant reserves the right to appeal the specific issues raised in his pretrial motion to suppress evidence, filed with the United States District Court of the Western District of Washington on February 21, 2003, which was denied by order of the court on July 9, 2003.

13. **Voluntariness of Plea.** Defendant acknowledges that he has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

this plea of guilty.

14. <u>Statute of Limitations.</u> In the event that this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 30 days following the date of breach of the Plea Agreement by Defendant.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

15. **Completeness of Agreement.** The United States and Defendant acknowledges that these terms constitute the entire Plea Agreement between the parties. This Agreement only binds the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

DATED: This \_\_\_\_11\_\_\_\_ day of \_\_\_JULY\_\_\_\_, 2003.

_____
MICHAEL AARON WILSON
Defendant

_____
LINDA SULLIVAN
Attorney for Defendant

_____
JEROME KUH
Attorney for Defendant

_____
SUSAN HARRISON
Assistant United States Attorney

_____
KATHERYN KIM FRIERSON
Assistant United States Attorney