Hon. Franklin D. Burgess

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL AARON WILSON, <br><br> Defendant. | NO. CR02-6065FDB <br><br> GOVERNMENT'S SENTENCING MEMORANDUM |

## I. INTRODUCTION

The United States of America, by and through John McKay, United States Attorney for the Western District of Washington, and Katheryn Kim Frierson, Assistant United States Attorney for the same District, submits this sentencing memorandum. Defendant Michael Aaron Wilson is scheduled to be sentenced on Friday, December 19, 2003 at 9:30 a.m. Wilson has entered a plea of guilty to production of child pornography as charged in Count 1 of the Superseding Indictment, in violation of 18 U.S.C. § 2251(a).

The one contested issue before this Court for purposes of sentencing is whether Wilson is subject to the statutory sentence enhancement provision of 18 U.S.C.

Government's Sentencing Memorandum - 1
(FINAL)/Wilson/CR02-6065FDB

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

§ 2251(d)[1], due to Wilson's 1988 conviction for the possession of child pornography in Brazoria County Superior Court, Texas. If the enhancement applies, Wilson must be sentenced to a term of imprisonment of 15 years.

The Probation Office has informed both the United States and Defendant that it cannot issue a final recommendation as to Wilson's sentence because the issue of whether the enhancement provision applies is a new question of law for which it requires the Court's guidance. As demonstrated below, the plain statutory language and the applicable law demonstrates that Wilsons's criminal record qualifies as a "prior conviction" pursuant to 18 U.S.C. § 2251(d). Therefore, the 15 year term of imprisonment is the appropriate and statutorily required sentence in this case.

## II. OFFENSE AND RELEVANT CONDUCT

The Government agrees with and adopts the Presentence Report's recitation of the offense and relevant conduct. As set forth in the Presentence Report, Wilson was under investigation by the Clark County Sheriff's Office when authorities discovered on Wilson's computer over 4,000 still images and over 90 movie files of minors engaged in sexually explicit conduct. These images include images of minors dressed and undressed taking part in sado-masochistic abuse. Young boys are seen handcuffed, bound, gagged and beaten. One image depicts a young boy with his head held back by an adult while being forced to take the barrel of a gun in his mouth.

Among the pornographic images on Wilson's computer hard drive were images produced by Wilson. These self-produced pornographic images depict Wilson with a number of males engaging in sado-masochistic activities. Many of these images were

---

[1]Title 18, United States Code, Section 2251, was amended, effective April 2004, pursuant to the Protect Act. The enhancement provision is now found in 18 U.S.C. § 2251(e) and provides for a 20 year mandatory minimum if the defendant has been convicted of a prior offense relating to the exploitation of children. Because Wilson's offense took place prior to the amendment, the former version of § 2251 applies.

Government's Sentencing Memorandum - 2
(FINAL)/Wilson/CR02-6065FDB

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

posted on Wilson's own website devoted to promoting sado-masochistic activities.

According to Wilson's own internet conversations with others in the sado-masochistic community, Wilson has engaged in sado-masochistic activities with a number minor males and produced numerous images of such activity. For example, investigators recovered from Wilson's own computer numerous internet conversation between Wilson and an individual known as "MitchSeattle." On April 30, 2002, Wilson, using the moniker "Xapp," and "MitchSeattle" discuss the various minors with whom they had engaged in sado-msaochistic activities. During the conversation, "MitchSeattle" lists the names and the ages of various minor boys with whom he had engaged in sexual activity, including a boy 16 years of age. Wilson, a.k.a. "Xapp," responds that the "one I had the other week was a little younger than that." Xapp further states that the boy was younger "by two years." Xapp brags to MitchSeattle that the 14 year-old boy "looked nice with needles." Xapp explains that he placed the 14 year-old boy on his stomach and had "over 300 needles stuck in, and through his butt." Xapp states that the boy was "gagged, but crying" during the procedure. Xapp and MitchSeattle then had the following exchange:

| | | |
|---|---|---|
| Xapp: | | He pissed when I did the porcupine on him. |
| MitchSeattle: | | what is that? |
| Xapp: | | Needles in the balls. |
| | | It doesn't hurt as much as they think it will. |
| | | But the psychological pain is far worse. |
| MitchSeattle: | | I would love to see pics of the 9 inch and the balls |
| Xapp: | | Those are the sort I don't post. Although if you ever find your way down here, perhaps you can drop by and I will let you look through the albums. |

Through analysis of Wilson's own conversations and the images contained on his hard drive, law enforcement successfully identified at least one of the minors that

Government's Sentencing Memorandum - 3
(FINAL)/Wilson/CR02-6065FDB

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

Wilson promoted in his internet conversations. In his conversations, Wilson advertised his sexual activities with a high-school aged boy known as "Steve." Wilson also distributed through the internet pictures of the sado-masochistic activities Wilson had engaged in with "Steve." For example, on February 5, 2002, Wilson engaged in the following conversation with another individual identified as "ScnStLr":

| | | |
|---|---|---|
| ScnStLr: | and who is coming this weekend? |
| Wilson: | the HS boy from Salem. |
| ScnStLr: | oh? |
| | i don't know about him |
| | who is he |
| Wilson: | He's very sub and willing to do anything I want. |
| ScnStLr: | oh good |
| | for example? |
| Wilson: | He doesn't like paddling. He took it anyway. |
| | (at this time, Wilson sends ScnStLr via email an image of "Steve") |
| ScnStLr: | this the HS boy? |
| Wilson: | Yup. |
| ScnStLr: | wow big cock |
| Wilson: | Yuppers |
| ScnStLr: | so this is his second time i guess |
| | so is this the 16yo? |
| Wilson: | Yup. |

The investigation was able to confirm that "Steve" was a minor male who, at the time the images were produced, was 17 years of age. From February through March of 2002, Wilson met with "Steve" on at least two occasions and engaged in sado-masochistic and sexual activities with Steve. Wilson took digital pictures and video-

Government's Sentencing Memorandum - 4
(FINAL)/Wilson/CR02-6065FDB

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

| | |
|---|---|
| 1 | taped the encounters. Wilson then stored the images on his computer and posted them |
| 2 | on his web site. The images of "Steve" that Wilson created include images of the |
| 3 | minor male being beaten with an electrical instrument and images of the minor male |
| 4 | being "mummified" with large plastic wrapping with only his genitals exposed, and |
| 5 | then bound to a surgical table overnight. Wilson also produced two video tapes of his |
| 6 | activities with the minor. One of the video tapes include an episode where Wilson |
| 7 | shocks the minor in the genitals with an electric cattle prod. "Steve" is heard and seen |
| 8 | on the tape screaming in pain and pleading for Wilson to stop. |
| 9 | During a conversation with "Steve" over the internet, Wilson again brags that he |
| 10 | has engaged in similar sado-masochistic activities with a number of other minors and |
| 11 | produced images of such conduct. On February 23, 2002, Wilson, a.k.a. "Xapp," has |
| 12 | the following conversation over the internet with "Steve." |

| | | |
|---|---|---|
| 13 | Xapp: | All right. FYI, I have trained younger than you. |
| 14 | Steve: | ?! |
| 15 | Xapp: | You have seen a couple of them on my site. |
| 16 | | "NWBR", Robert, and others. |
| 17 | Steve: | You amaze me at times. |
| 18 | Xapp: | Why is that? |
| 19 | Steve: | your lvl of experience and knowledge |
| 20 | Xapp: | I have been doing this quite a while. |

**III. CRIMINAL HISTORY**

Title 18, United States Code, Section 2251(d) provides that when a producer of child pornography has sustained "any prior conviction…relating to the sexual exploitation of children," that individual must serve a mandatory minimum term of imprisonment of 15 years. In 1988, Wilson pled guilty to a one count Information for

Government's Sentencing Memorandum - 5
(FINAL)/Wilson/CR02-6065FDB

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

possession of child pornography in Brazoria County, Texas and was sentenced to a term of probation. Pursuant to § 2251(d), this prior conviction requires that Wilson be sentenced to 15 years term of imprisonment.

A. Background

Wilson's criminal history, as set forth in the Presentence Report, corroborate Wilson's own statement to "Steve" that he had "been doing this" – engaging in the exploitation of children – for "quite a while." Not only does Wilson's criminal history include charges stemming from breaking and entering into the home of a chiropractor to commit sabotage, and for the commission of passport fraud, Wilson actually has two prior convictions related to child pornography: (1) 1988 conviction in Brazoria County Superior Court in Texas; and (2) 1998 conviction from the United States District Court for the District of Colorado. The 1998 Colorado conviction, however, was overturned on appeal on technical grounds for failure by the prosecution to establish federal jurisdiction. The government agrees that because the 1998 Colorado conviction was vacated on appeal, that charge can not qualify as a prior conviction for purposes of the sentencing enhancement.

B. 1988 Brazoria County Conviction for Child Pornography

Defendant cannot, however, avoid the implications of the 1988 Brazoria County conviction for possession of child pornography. In 1988, after a plea of guilty to one count of possession of child pornography before the Brazoria County Superior Court, Wilson was placed on probation. As noted by the Presentence Report, Wilson completed the term of probation and was discharged in 1991. In accordance with the provisions of Texas Adult Probation Law, Texas Code of Criminal Procedure Article 42.12 § 5(c), the discharge from probation was accompanied by a ruling from the court that Wilson's guilty plea was "set aside" and the information dismissed. Attached as Exhibit A is a copy of the Brazoria County Superior Court records relating to Wilson's 1988 state pornography conviction.

Government's Sentencing Memorandum - 6
(FINAL)/Wilson/CR02-6065FDB

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

Notwithstanding the argument of the Defendant, a conviction "set aside" by operation of the Texas Adult Probation Law qualifies as "any prior conviction" pursuant to 18 U.S.C. § 2251(d). First, as made clear by the United States Supreme Court, what qualifies as a "conviction" under a federal statute is governed exclusively by that specific federal statute. If a specific federal provision makes no exception for prior convictions that have been "set aside" or "dismissed" pursuant to state probation law, then federal law controls and the prior conviction must be applied as directed by the federal law.

Second, even if the Court were to look to Texas law, Defendant's argument fails. Texas law expressly provides that convictions "set aside" or dismissed pursuant to the Texas Adult Probation Law are to be considered for sentencing purposes in any subsequent conviction.

> 1. *Because § 2251(d) makes no exception for convictions "set aside" or "dismissed" by various states's rehabilitation laws, the Brazoria County Court conviction qualifies as a prior conviction.*

What qualifies as a "prior conviction" pursuant to 18 U.S.C. § 2251(d) is a matter of federal law. *See Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103 (1983). Where a federal statute does not expressly exclude from consideration a conviction that has been set aside, dismissed or otherwise expunged under a state's rehabilitation statute, the conviction remains a prior conviction under federal law. *Dickerson*, 460 U.S. at 115.

In *Dickerson*, a firearms dealer named David Kennison was denied a license to sell firearms because of a prior felony conviction he sustained under Iowa law. In 1974, Mr. Kennison pled guilty in Iowa to the crime of unlawfully carrying a concealed firearm and was sentenced to probation. In 1976, after a successful completion of his probation term, Mr. Kennison was discharged from probation and, in accordance with Iowa law, his conviction was set aside and the record expunged.

Government's Sentencing Memorandum - 7
(FINAL)/Wilson/CR02-6065FDB

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

In 1976, however, ATF denied Mr. Kennison a license to sell firearms due to the prior 1974 conviction. At the time, federal law pursuant to 18 U.S.C. § 922 (g) prohibited any person "…who has been convicted in any court" of a felony from selling or possessing firearms. Mr. Kennison then brought action contending that because his prior felony conviction had been expunged pursuant to Iowa law, he was not "convicted in any court" as required by the federal firearms statute.

The Supreme Court disagreed. The Supreme Court held that whether one had been convicted for purposes of the federal gun control law "is necessarily…a question of federal, not state, law.…" *Dickerson*, 460 U.S. at 111-112. Because the term "convicted" was not expressly defined by the federal gun control statute, the Supreme Court noted that general principles of federal law controlled. The Supreme Court held that generally, under federal law, a person stands "convicted" upon the entry of a guilty plea. "Like a verdict of a jury [the plea of guilty] is conclusive. More is not required; the court has nothing to do but give judgment and sentence." *Id.* at 113.

Moreover, even if the expunction of Mr. Kennison's conviction under Iowa law was sufficient to nullify the conviction for purposes of Iowa's own gun laws, the Supreme Court found that because the federal gun provisions made no such exception, the state law expunction has no effect under federal law. *Id.* at 114-115.[2] The Supreme Court stated that "expunction does not alter the legality of the previous conviction and does not signify that the defendant was innocent of the crime to which he pleaded guilty." *Id.* at 115.

In this case, the statutory language for the enhancement provision under 18 U.S.C. § 2251(d) is clear. Section 2251(d) simply states that the mandatory 15 year minimum term of imprisonment must apply when a person has "one prior

---

[2]It should be noted that after the Supreme Court decision, Congress expressly amended the federal gun statute to exempt individuals who had their prior convictions expunged under state law.

Government's Sentencing Memorandum - 8
(FINAL)/Wilson/CR02-6065FDB

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

conviction…relating to the sexual exploitation of children…." The term "conviction" is not further defined in the statute. The term "conviction" is not limited to exclude individuals who have received a discharge under any state's probation law. Therefore, consistent with the Supreme Court decision, the prior conviction from the Brazoria County Superior Court for possession of child pornography applies to enhance the Defendant's sentence, regardless of whether that conviction was "set aside" or "dismissed" in accordance with Texas law. There is no indication that Wilson was found innocent or the conviction somehow vacated by a higher court. As noted by the Supreme Court, the dismissal "does not alter the legality of the previous conviction and does not signify that the defendant was innocent of the crime to which he pleaded guilty." *Dickerson*, 460 U.S. at 115. The prior conviction, therefore, applies to enhance Wilson's sentence.

    2. *Even under Texas law, Wilson's 1988 conviction must be considered at sentencing for this subsequent offense.*

In 1991, Wilson had completed the term of probation for the child pornography charge, and the conviction was set aside and the charging document dismissed pursuant to the Texas Adult Probation Act, Tex. Crim. Pro. Art. 42.12 § 5. At the time of Wilson's discharge, the relevant provision of the Texas Adult Probation Act stated:

> A dismissal and discharge under this section may not be deemed a conviction for the purpose of disqualifications or disabilities imposed by law for conviction of an offense, except that:
>
> (1) ***upon conviction of a subsequent offense, the fact that the defendant had previously received probation shall be admissible before the court or jury to be considered on the issue of penalty***.

Tex. Crim. Pro. Art. 42.12 § 5(c)(1) (emphasis added).

The Texas Adult Probation Act is consistent with provisions found in many states that allow first-time, low level offenders, upon successful completion of a probationary period, to be relieved of certain state law disabilities that accompany a criminal record. But Texas law, like other laws, expressly provides that upon

Government's Sentencing Memorandum - 9
(FINAL)/Wilson/CR02-6065FDB

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

conviction of a *subsequent* offense, the fact that the individual had sustained a prior conviction, even if "set aside" or "dismissed" under the Probation Act, shall be taken into account at sentencing. Consistent with the plain statutory language, Texas courts have consistently interpreted this provision of the Texas Adult Probation Act as allowing the admission of the prior "set aside" conviction during the penalty phase of a subsequent offense. *See Vaughn v. State of Texas*, 634 S.W. 2d 310 (1982) (holding that the fact of a subsequent conviction, although set aside by operation of the Texas Adult Probation Statute, was admissible at the penalty phase of a proceeding involving a subsequent offense).

Defense counsel has indicated to the government that they believe that a Texas appellate decision in *Cuellar v. Texas*, 70 S.W.3d 815 (Tex. Crim. App. 2002), supports their position that a conviction dismissed under the Probation Act cannot be considered during the penalty phase for a subsequent conviction. To the contrary, *Cuellar* supports the government's position.

In *Cuellar*, the defendant sustained in 1976 a conviction for possession of heroin and was sentenced to a term of community supervision. In 1981, after successful completion of the term of supervision, Mr. Cuellar was discharged, and the judgement of conviction was set aside and the charging document dismissed in accordance with the Texas Adult Probation Act.[3] In 1996, however, Mr. Cuellar was arrested and charged by the state of Texas for being a felon in possession, based on his 1976 conviction for possession of heroin. Mr. Cuellar fought the charge, contending that since his prior conviction was set aside, he could not be considered a felon under state law.

The Texas Court of Criminal Appeals agreed with Mr. Cuellar. However, in doing so, the Texas court made a crucial distinction. In Mr. Cuellar's case, the state was attempting to use a dismissed conviction as a predicate, an element for the

---

[3]At the time of *Cuellar v. Texas*, the relevant provision of the Texas Adult Probation Act was codified as Art. 42.12 § 20.

Government's Sentencing Memorandum - 10
(FINAL)/Wilson/CR02-6065FDB

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

subsequent charge. That was not permissible under the Probation Act.

The *Cuellar* court, however, expressly noted that the Probation Act provides exceptions for when such a prior record may be used against the defendant. The *Cuellar* court held that "if the discharged person is ***subsequently convicted of another criminal offense***, the previously dismissed 'former' felon conviction will resurrect itself and be made known to the trial judge." *Cuellar*, 70 S.W. 3d. at 820 (emphasis added).

In this case, the government is not attempting to use Wilson's 1988 conviction as a predicate to another offense. Instead, the 1988 conviction is being used at the penalty phase of a subsequent conviction, exactly as Texas law permits.

## IV. RECOMMENDATION

In sum, both federal law and Texas law require consideration of Wilson's 1988 Brazoria County Superior Court conviction for possession of child pornography on the issue of penalty. The government, therefore, recommends that the Court sentence the Defendant to a term of imprisonment of 15 years, in accordance with 18 U.S.C. § 2251(d).

DATED: This 15th day of December, 2003.

Respectfully submitted,

JOHN McKAY
United States Attorney

s/ Katheryn Kim Frierson
KATHERYN KIM FRIERSON
Assistant United States Attorney
WA Bar # 91005
United States Attorney's Office
601 Union Street, Suite 5100
Seattle, WA 98101-3909
Telephone: (206) 553-4737
Fax: (206) 553-0755
E-mail: katheryn.k.frierson@usdoj.gov

Government's Sentencing Memorandum - 11
(FINAL)/Wilson/CR02-6065FDB

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

## CERTIFICATE OF SERVICE

I hereby certify that on  December 15  , 2003, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney of record for the defendant. I hereby certify that I have served the attorney of record for the defendant that are non CM/ECF participants via telefax.

s/ *Cheryl E. Walkden*
CHERYL E. WALKDEN
Legal Assistant
United States Attorney's Office
601 Union Street, Suite 5100
Seattle, Washington 98101-3903
Phone: (206) 553-0709
FAX: (206) 553-0755
E-mail: Cheryl.Walkden@usdoj.gov

CERTIFICATE OF SERVICE
WILSON (CR02-6065FDB)

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970